■ RUTH GLANTON, Respondent, v NEW YORK HOSPITAL et al., Appellants, et al., Defendant.—Judgment, Supreme Court, New York County (Eve Preminger, J.), entered November 14, 1990, which, *inter alia,* upon a jury verdict, found in favor of plaintiff, unanimously affirmed, without costs.

Plaintiff commenced this medical malpractice action alleging that the amputation of her right leg resulted from defendants' negligence in failing to diagnose a second blood clot following a thrombectomy, and in failing to diagnose and treat a post-operation infection. The instant record contains ample evidence upon which a rational trier of fact could have made a finding that defendants proximately caused injury to plaintiff as a result of the failure to diagnose the clot and timely treat the infection. *(Nicastro v Park,* 113 AD2d 129.) Plaintiff's medical expert testified that the loss of a pulse in the right leg coupled with a cooler temperature in the leg following the thrombectomy indicated the presence of a blood clot. Further, plaintiff's expert stated that the presence of above normal white blood count and body temperature following a fasciotomy, along with a bacterial result taken from a culture, indicated infection. Defendants, however, waited ten days until the open wound became "soupy" looking before a second culture was taken and antibiotics applied. By then, plaintiff's

leg had become gangrenous, requiring amputation. The fact that defendants' experts came to a different conclusion is no basis for setting aside the verdict, either as a matter of law or as against the weight of the evidence. *(Yalkut v City of New York,* 162 AD2d 185.)

The questions from the jury relied upon by defendants were unrelated to the theories of liability submitted to the jury and the court's answers, while ambiguous, were, at best, innocuous and do not warrant reversal. Nor may defendants impeach the jury's verdict by the submission of a post-trial affidavit by a disaffected juror. *(Kaufman v Lilly & Co.,* 65 NY2d 449.)

The damages awarded here do not deviate materially from what would be reasonable compensation (CPLR 5501 [c]) and are, therefore, not excessive.

We have considered defendants' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.